{¶ 22} I respectfully dissent. This Court has addressed and rejected the requirement of strict compliance previously in State v. Guy
(Nov. 2, 1994), 9th Dist. No. 16760. In that case this Court specifically held that "a failure to comply with the notification procedures contained in R.C. 4503.234" was harmless error under the circumstances.
{¶ 23} The Second Appellate District relying on this Court's decision in Guy, held that failure to provide proper notice was harmless error where the defendant had "actual knowledge that his truck was subject to forfeiture, having been advised by the trial court at his arraignment and again at the time of his change of plea and sentencing."Xenia v. Mellotte, 2nd. Dist. No. 2001CA90, 2002-Ohio-2700, at ¶ 12.
{¶ 24} Knapp, here was provided notice of seizure and possible forfeiture upon his arrest. However, assuming this was insufficient notice, Knapp was given actual notice of forfeiture before he entered a plea of no contest. At his plea hearing, Knapp was advised by the court two times that his vehicle would be forfeited. The Court specifically asked Knapp if he still wanted to plead no contest knowing his vehicle would be forfeited. Knapp acknowledged this and pled no contest. There is no prejudice to Knapp here. He received notice two times. I would reverse.